UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DORVIL RIBENCKS,

      Petitioner,

    v.

BRIAN ENGLISH,

      Respondent.

CAUSE NO. 3:26cv456 DRL-SJF

### ORDER

Immigration detainee Dorvil Ribencks, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is unlawfully confined in violation of the laws or Constitution of the United States. The Warden answered the petition, and Mr. Ribencks replied. The petition is ready to be decided.

Mr. Ribencks is a citizen of Haiti who entered the United States without inspection in 2021. After he came to the United States, he applied for asylum and for temporary protected status (TPS).[1] United States Citizenship and Immigration Services (USCIS) granted TPS on November 8, 2021, and again on February 4, 2023, which was valid through August 3, 2024 [6-1]. Before its expiration, Mr. Ribencks re-applied for TPS on June 29, 2024, which remained pending until the immigration judge denied the application in the removal order.

---

[1] A noncitizen who has been granted TPS shall not be removed from the United States while the status is in effect and is authorized to work in the United States. *See* 8 U.S.C. § 1254a(a)(1). Further, "[a]n alien provided temporary protected status under this section shall not be detained by the Attorney General on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a(d)(4).

On October 8, 2025, Mr. Ribencks was taken into custody by United States Immigration and Customs Enforcement (ICE) following his release from pretrial detention at the Marion County Sheriff's Department after the prosecutor decided not to press charges on an arrest for strangulation and battery. He was issued a notice to appear, charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) for being present in the United States without admission or parole and under 8 U.S.C. § 1182(a)(7)(A)(i)(I) for not having the required entry documents. He was ordered removed by an immigration judge on March 12, 2026. He waived his right to appeal.

Mr. Ribencks filed this habeas petition in April 2026, arguing that his continued detention without a bond hearing was unlawful. The Warden (through federal counsel) argued that when Mr. Ribencks filed his petition, he was still in the 90-day removal period and subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

The Warden argues that this court lacks subject matter jurisdiction over the petition. This court has thoroughly considered its jurisdiction to review immigration detention under both 8 U.S.C. §§ 1225, 1226, and 1231. For reasons given before, jurisdiction is secure. *See Liang, v. English*, No. 3:25cv1052, 2026 WL 835853, 1 (N.D. Ind. Mar. 26, 2026 (Leichty, J.) (regarding § 1231); *De Jesús Aguilar v. English*, No. 3:25cv898, 2025 WL 3280219, 2-5 (N.D. Ind. Nov. 25, 2025) (Leichty, J.), *appeal docketed*, No. 26-1145 (7th Cir. Jan. 26, 2026) (regarding § 1225 and § 1226).

Turning to the merits of the petition, the court follows the analysis set forth in *Zadvydas*. By statute, noncitizens who are subject to a final order of removal must be detained for a period of 90 days, during a "removal period." 8 U.S.C. §§ 1231(a)(1), (a)(2).

2

This removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration confinement. 8 U.S.C. § 1231(a)(1)(B). A removal order that is not appealed becomes final upon the expiration of the time to seek review of the order with the BIA, which, here, because Mr. Ribencks waived appeal, expired when the removal order was entered on March 12, 2026. 8 U.S.C. § 1101(a)(47)(B); 8 C.F.R. § 1241.1(b). Thus, Mr. Ribencks was in the removal period until June 10, 2026.

Although Mr. Ribencks has just passed the removal period, his detention remains lawful. Beyond this 90-day removal period, certain classes of noncitizens may be detained even longer — what the statute calls inadmissible aliens (under 8 U.S.C. § 1182), those who have violated their nonimmigrant status conditions (under 8 U.S.C. § 1227(a)(1)(C)), those who have committed certain crimes, such as aggravated felonies, drug trafficking, or illegal firearm offenses (under 8 U.S.C. § 1227(a)(2)), those removable for national security or foreign relations reasons (under 8 U.S.C. § 1227(a)(4)), and those whom the Attorney General determines to be a risk to the community or unlikely to comply with the order of removal. These noncitizens "may be detained beyond the removal period" or released on conditions of supervision. 8 U.S.C. § 1231(a)(6).[2] Mr. Ribencks' removal under § 1182 authorizes his detention beyond the removal period.

---

[2] For noncitizens who don't fall in these categories, if they are not removed during the 90-day removal period, they must be released, subject to conditions of supervision. 8 U.S.C. § 1231(a)(3).

"The distinction between an alien who has effected an entry into the United States and one who has never entered runs throughout immigration law," and "once an alien enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas*, 533 U.S. at 693. To avoid a constitutional due process problem with § 1231(a)(6), including for a noncitizen who remains in the country after being ordered removed, the law requires that his detention be limited to a reasonable time—namely "a period reasonably necessary to bring about that alien's removal from the United States." *Id.* at 689; *see also id.* at 682, 690-91.

The law materially defers this difficult judgment to the Executive Branch for a total six-month period, as detention then is considered presumptively reasonable to execute a removal order. *Id.* at 700-01. Mr. Ribencks will remain in this presumptively period of detention until at least September 12, 2026.

The court has the authority to review a noncitizen's detention and to decide independently whether "a set of particular circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal." *Id.* at 699; *see also* 28 U.S.C. § 2241(c)(3). "In answering that basic question, the habeas court must ask whether detention exceeds a period reasonably necessary to secure removal" and "should measure reasonableness primarily in terms of the statute's basic purpose, namely assuring the alien's presence at the moment of removal." *Zadvydas*, 533 U.S. at 699. In this, the court listens with care when the government's "foreign policy judgments"—such as the status of repatriation negotiations—are implicated and otherwise affords

4

"appropriate leeway when its judgments rest upon foreign policy expertise." *Id.* at 700. When removal proves reasonably foreseeable, the court can consider other factors (such as risk of crime) and often will deny habeas relief; whereas, when removal seems attenuated or unlikely, the court will order the individual's release, albeit conditioned on appropriate terms of supervision and the noncitizen's compliance with these terms. *See id.* at 699-700.

The petitioner bears the initial burden. *See* 28 U.S.C. § 2241; *Zadvydas*, 533 U.S. at 700; *see also Skaftouros v. United States*, 667 F.3d 144, 158 (2d Cir. 2011); *Espinoza v. Sabol*, 558 F.3d 83, 89 (1st Cir. 2009). If he "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701 (cleaned up); *see also Suarez Martinez*, 543 U.S. at 385-86. Here, Mr. Ribencks provides nothing to suggest his removal to Haiti is not reasonably foreseeable. He has not met his initial burden.

For these reasons, the court DENIES the petition (ECF 1) and DIRECTS the clerk to close this case.

SO ORDERED.

June 18, 2026
s/ *Damon R. Leichty*
Judge, United States District Court

5